Kumar Bahadur KARMACHARYA,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–72754.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2009.*

Filed Nov. 30, 2009.

J. Antonio Nierras, Tancinco Law Offices, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stephen J. Flynn, Thomas Fatouros, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN and W.
FLETCHER, Circuit Judges, and
MILLS,** District Judge.

MEMORANDUM ***

Petitioner Kumar Bahadur Karmacharya, a native and citizen of Nepal, appeals the decision of an Immigration Judge ("IJ"), adopted and affirmed by the Board of Immigration Appeals ("BIA"), in which Karmacharya was denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The IJ found Karmacharya's asylum application time-barred because it was not filed within one year of arrival. The IJ also found that Karmacharya had not demonstrated the "extraordinary circumstances" required for late filing. 8 U.S.C. § 1158(a)(2)(D). This court has jurisdiction to review the BIA's decision that an asylum application does not qualify for one of the exceptions to the one year bar, when, as here, that determination is based on undisputed facts. *Fakhry v. Mukasey,* 524 F.3d 1057, 1062 (9th Cir.2008) (citing *Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007)).

We conclude that the IJ and BIA failed properly to address the claim that "changed circumstances" excused the untimely filing of Karmacharya's application, and we remand to the BIA to address this question in the first instance. Although Karmacharya consistently asserted that the "changed circumstances" exception applied to his case, neither the IJ nor the BIA considered whether the arrest and beating of Karmacharya's brother in Nepal, within weeks of which Karmacharya filed for asylum, constituted "changed circumstances." "[I]t goes without saying that IJ's and the BIA are not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005). We therefore grant this part of the petition and remand to the BIA for consideration of Karmacharya's "changed circumstances." *See I.N.S. v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

With regard to withholding of removal and CAT relief, we deny the petition for review. Petitioner's argument that the IJ and BIA erred in the withholding and CAT analysis because they failed to fully consider Karmacharya's asylum application is without merit. These are three distinct forms of relief. The error noted above with respect to Karmacharya's asylum application is irrelevant to his claims for withholding or CAT relief.

**DENIED** in part; **GRANTED** in part and **REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.